[Civ. No. 97.   First Appellate District.—December 5, 1905.]

## WILLIAM D. FLINN, Respondent, v. SAMUEL R. CROOKS, Appellant.

ACTION FOR ATTORNEY'S SERVICES—COUNT FOR REASONABLE VALUE—ELIMINATION OF SECOND COUNT—DENIAL OF NONSUIT—HARMLESS RULING.—In an action to recover for attorney's services, where the complaint had a first count for the reasonable value of the services, and a second count on an express contract was eliminated by the statement of counsel for plaintiff that he did not rely thereupon, and by the confinement of the instructions of the court to the question of reasonable value at plaintiff's request, a denial of a motion for a nonsuit on the second count, if erroneous, was not prejudicial.

ID.—SUPPORT OF VERDICT FOR REASONABLE VALUE—EVIDENCE—PRESUMPTION UPON APPEAL.—Where the verdict of the jury shows that they intended to find the reasonable value of the services, and there was no evidence as to any conversation or agreement as to the services found, it will be presumed in support of the verdict and judgment that they were based upon the first count, which is supported by the evidence and to which the instructions were directed.

ID.—INSTRUCTION AS TO APPLICATION OF PAYMENT—ABSENCE OF EVIDENCE FROM RECORD—PRESUMPTION.—Where the court instructed the jury that if a payment of $300 made by the defendant was not specifically applied by him, the attorney to whom it was paid might apply it upon any debt due to the attorney from the defendant, and if the attorney applied it upon a fee charged against the defendant for negotiating a loan, he had the right to do so, in the absence from the record of the evidence on which the instruction was predicated, it must be presumed upon appeal that the evidence showed that the fee of $300 was agreed upon, and that it was a reasonable fee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

William J. Gleason, for Respondent.

COOPER, J.—Action to recover $1,500 attorney's fees alleged to have become due from defendant to plaintiff's

assignor. The case was tried with a jury, and a verdict rendered for plaintiff for $1,100. This appeal is from the judgment and order denying defendant's motion for a new trial.

The appellant relies upon two points for a reversal of the judgment and order. The first is that the court erred in denying the defendant's motion for a nonsuit as to the second count of the complaint. The complaint contains two counts; the first being for the reasonable value of the attorney's services, the second being upon an express contract. At the close of plaintiff's testimony the defendant made the motion for a nonsuit as to the second count, whereupon counsel for plaintiff stated in open court that he did not rely upon the second count, and intended to ask the court to instruct the jury that plaintiff could only recover for the reasonable value of the services rendered. The court, upon said statement, denied the motion. The instructions of the court to the jury were all given upon the theory that the second count was abandoned, as no reference is made to such count in the instructions. The court instructed the jury as follows: "The sole question to be determined by you from the evidence is the reasonable value of the services rendered by the said M. C. Hassett, as attorney at law for the said defendant in the estate of Susan Crooks, deceased," and, further: "If you find in this case that M. C. Hassett, at the request of the defendant, rendered legal services which he knew of, though the compensation was not agreed upon, and which he accepted of, then and in that event I instruct you that there was an implied contract that the defendant should pay the reasonable value of the legal services rendered by said M. C. Hassett as his attorney, the amount of the services and the full value thereof to be determined by you as a question of fact." We think it plain from the above that the ruling of the court in denying the nonsuit as to the second count was, if erroneous, not prejudicial. If the nonsuit had been granted, the second count would have been eliminated from the case. It was in fact eliminated by the statement of counsel for plaintiff and the instructions of the court. The jury certainly understood that they were to pass upon the question as to the reasonable value of the legal services. The verdict shows that they intended to find the reasonable value of the services, because there is not a word in the evidence as to any conversation or agreement in which $1,100 was

mentioned. We will presume, for the sake of upholding the verdict and the judgment, that they were based upon the first count, which is supported by the evidence, and to which the instructions were directed.

The second objection urged is that the court erred in giving to the jury the following instruction: "I further instruct you that if you find from the evidence that plaintiff's assignor, M. C. Hassett, on or about the ninth day of February, 1896, received from the defendant in this action the sum of $300, and at that time the defendant made no specific request nor gave said Hassett any directions how to apply said payment, then I instruct you that the said Hassett had the right to apply said payment upon any obligation due said Hassett from the defendant, and, if said Hassett applied the said $300 to the payment of a fee charged by him against said defendant for the procurement of a loan of $5,000 for the said defendant from Christina Strobel, then I charge you that the said Hassett had the right so to do." The defendant's objection to the above instruction is that it took from the jury the question as to whether or not the charge of $300 made by Hassett against defendant for negotiating the loan referred to was a reasonable charge for such services. The defendant has not seen fit to object to the instruction, as not based upon and applicable to the evidence given on the trial, nor has he brought up the evidence on which the instruction was predicated. We must therefore presume that the evidence showed that the fee of $300 was agreed upon, and that it was a reasonable charge. It is a settled rule in this court that when error is claimed as to an instruction given to a jury, and the evidence might have justified the instruction, the party alleging such error must show affirmatively that the evidence did not justify the instruction. In this case we must presume that there was no issue as to the reasonableness of the charge of $300. If appellant had brought up the evidence, and it had shown a conflict as to the reasonable value of the services for which $300 was charged, and that there was no agreement as to the payment of this sum as a fee, then there would be much force in defendant's contention.

This disposes of the only errors urged on this appeal. The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.